The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Stogman presiding. Thank you, Mr. Baylor. The next case this afternoon is number 4-25-0065 People v. Hunter R. Waters. Excuse me. I'd like counsel for the appellant to please state your name for the record. Rebecca Phipps, counsel for the appellant. Thank you. And counsel for the appellee, please state your name for the record. David Manchin with the Appellate Prosecutor's Office of the State. Thank you, counsel. Ms. Phipps, at this time, on behalf of the defendant, you may make your argument. Thank you, and may it please the court. My name is Rebecca Phipps, and I represent Hunter Waters in this matter. I'm going to be focusing today on arguments in my opening brief that Post-Plea Counsel in this case failed to fulfill his obligations under Rule 604D. But of course, I'll be happy to answer questions about any of the arguments, especially since they're all interconnected here. Hunter Waters pled guilty to first-degree murder in exchange for a 70-year extended term sentence. Hunter Waters, who was 19 years old at the time of this offense, 20 years old at the time he took this plea, and who will be nearly 90 years old by the time the sentence is served. And yet Hunter Waters took this fully negotiated extended term plea without any discernible benefit of the bargain. I'm pausing right there.  This is a pretty severe sentence and a pretty tough deal, but it's a pretty terrible crime. And I suppose the question is, given what you just said, how is that a basis to say, gee, it's too hard, so we're going to let him take it back? No, that's not what we're saying. We're not just saying that this was too hard or too harsh, so we're going to let him take it back. What we're saying is that Hunter Waters expressed to his attorney post-plea two distinct misapprehensions of law under which he was operating at the time he took this plea. And operating under a misapprehension of law is grounds to withdraw a plea. It renders it… What are those two misapprehensions? The two misapprehensions that Hunter Waters expressed, as seen through the handwritten Exhibit A attached to the motion, were that, one, he did not understand that by entering into a negotiated guilty plea, he was waiving his right to appeal sentence. And two, he did not understand that if he had proceeded with a route that would include a sentencing hearing, he would have been able to present mitigating evidence about his youth and the brain development of young adults as part of that sentencing hearing. So those were the two distinct misapprehensions that were expressed by Hunter to his lawyer. But this record suggests, if not reveals, that these were late developing concerns in your client. That is, he didn't have either of these at the time he pleaded guilty, did he? That's exactly the problem, that he did not know either of these two things at the time he pled guilty. As you said, it appears from the record that these were things he learned after the fact. Now, whose fault is it, in quotation marks, that he learned this after the fact? Was this something that the trial court was supposed to tell him, or was this something his lawyer was supposed to tell him? Well, Your Honor, as far as whose responsibility it is, I mean, we know that the admonishments that the court is required to give are explicitly laid out in Rule 402. So I'm not necessarily saying that it was the court's responsibility. I do think that means it certainly was his attorney's responsibility. There is extensive conversations that are had between an attorney and his client off the record before taking a plea that must be had to make sure that a client is fully informed about the nature of that plea and the consequences of it. So I would say it was the attorney's responsibility to make sure that he understood these two premises of law. Well, what in this record contains any indication that before the defendant pleaded guilty, he either, one, planned on appealing his guilty plea, or two, thought that he could present additional evidence at a sentencing hearing which might be mitigated? In other words, that he knew about these things before he pleaded guilty as opposed to learning about them afterwards and saying, gee, maybe I want to change my mind. Well, I think that that's exactly the problem. That's why these two particular misapprehensions of law were problematic because he did not know them at the time he took the plea is what it appears from the record, right? If he had known at the time he took his plea that he was also waiving the right to appeal sentence, and he had known at the time he took his plea that he could have presented mitigating evidence about his youth, then we would say he knew those things. He was informed of those things. He chose to take a plea regardless. A couple of questions on that, counsel. First, guilty pleas dispose of 90% of the criminal cases, and this court sees, and I'm sure you see, guilty pleas all the time. And the idea that defendants can plead guilty and then appeal their guilty plea, from whence would the idea come that, yeah, you can do that, it's okay, somehow you can plead guilty and then appeal? As a matter of fact, the Supreme Court of Illinois specifically, that's where this rule came from, 605. We don't want to have that anymore. You know, those of us are enough of a vintage, Justice Connect and I, for instance, to remember that silliness going on in the 70s where people plead guilty and then appeal. And that's why the Supreme Court said, no, no more of that. If you plead guilty, you have to first make a motion to withdraw the guilty plea before you're going to be permitted to appeal. So where does this notion come from that somehow he needed to be told or this was a problem that he wasn't told? But he had no right to appeal. Well, the fact, so I'll say this, I do appreciate the point that you make that there needs to be some type of finality in these types of proceedings, which is why there are boundaries on when an individual can appeal a guilty plea and can establish grounds to withdraw a guilty plea. Certainly there are boundaries. They have to show in relevant context, they have to show that they operated under a misapprehension of law and one that was objectively reasonable for them to hold at the time. There are boundaries. We're not saying that anybody can simply assert I am dissatisfied with this and therefore I want to take it back. As a matter of fact, isn't it true that the defendant has never said he wanted to withdraw his guilty plea? Instead, his own testimony is that he did not want to withdraw his guilty plea, he just wanted to challenge the length of his sentence. Isn't that correct? Yeah, and I think I know exactly the interchange that you're referring to. And to me, when I read that, to me, that illustrated just the deficiency that I saw with Pulse Plea Counsel's representation of him overall. If counsel said to him, to his lawyer, lawyer, I want to appeal my sentence, the lawyer would have explained, well, because this was a guilty plea, you can't just appeal the sentence. To do so, you would have to appeal the guilty plea itself and seek to withdraw the plea and explain that and Hunter Waters could have said, oh, okay, I didn't understand the nuances or the interplay of those distinctions between appealing the plea itself and appealing the sentence. But yes, that's what I want to do. So the fact that… If the end result is you can't do it, then what does it matter? Well, you can do it if you move to withdraw the guilty plea itself. Well, but he's made it clear. He wrote it himself. I do not want to withdraw my guilty plea. You can't get any more clear than that. Understood. However, if he was saying, I don't want to withdraw my guilty plea, but I want to appeal my sentence, the only operative way to do that is to move to withdraw the guilty plea. So what I feel like is counsel… But see, that's what you want to do. What he doesn't want to do, though, is move to withdraw his plea. I think that the problem is… You're trying to get past a very clear and obvious technical barrier that he doesn't want to get past. That's the important point here. And his issues came up post-talking with his lawyer. If the record was, yes, in fact, we had this discussion and I didn't advise him. Or, yeah, he mentioned these things to me, but I just told him, well, we can't do that. You might have a little more meat to this thing. But what we've got is, at some point in time after he's pled, after he's accepted the reality of his pleading to 70 years, he reads something somewhere and decides, oh, maybe I should… I'd like to attack my sentence and I'd like to do this or I'd like to do that. I guess the only avenue is we need to enlarge the requirements of 604D to include each and every possible alternative that a defendant might come up with post-plea as to something that has now been discussed with counsel. Correct? So I think there's a few issues in there. And to one of them, I think, again, going back to the first thing you were saying, which is just about him expressing that he does not want to withdraw the plea. And so isn't that a barrier to this overall? Again, I really think that this is a product of post-plea counsel only presenting a very limited view to the court of what exactly his client was expressing to him. He froze Hunter Waters' statement in time as saying, I don't want to withdraw my plea. I want to appeal my sentence. Didn't the court ask the defendant directly? The lawyer had him testify at the hearing. He testified, had him testify very briefly, say, did you and I meet? Yes. Did you and I discuss this? Yes. Is this written statement a summary of what we discussed? Yes. And is it true… Did the court then inquire further? Did the court follow up with questions? I think I can tell you right now. No. He did not. So, no, it was… No, he did not. I just checked the record. So it was the testimony given by counsel direct examining Hunter Waters. The state followed up with no questions. The court followed up with no questions. The problem is that post-plea counsel, what he should have done when Hunter Waters expressed these misapprehensions of law to him, what post-plea counsel should have done is inquired further. That required follow-up questions, additional information. What did you believe when? What were you told by me? What were you told by co-counsel before the plea? What did you believe during the plea? Let's assume we do all that. Yes. Do you want to withdraw your plea? No. The problem… There we are. The problem, Your Honor, is that from this record, I think it's clear that that was not what was done. Because every step of this way, it appears that post-plea counsel was directly trying to pave the way for a quick denial of this motion to withdraw a plea. Counsel was making it clear that he did not agree with his client. When you look at that direct testimony that he had Hunter Waters give during the hearing where he said simply, did we discuss this? Yes. Is this your state? Is this what we discussed? Yes. The only other thing he said to Hunter Waters is, and didn't you tell me and Dale that you thought you had some cases to back this up? Yes. But you could find no such cases, could you? No. Attached to the motion was a written statement signed by a defendant that reiterated the foregoing acknowledgements. The statement also provided, I do not know of any reason to withdraw my plea. This is at the time of the filing of the motion now. I did hear the judge say I have the right to an appeal, and I do wish to appeal for the purpose of reducing my sentence because I have read Supreme Court case law that states a male's brain is not fully developed until age 25. So let's assume we did all of those things that you've suggested have to be done now. And the question to the defendant is, do you want to withdraw your plea? And his answer is no. Where are you? If we could establish that all of that had been done and we had established all those facts on the record. And I think if we could boil it down to, I think the most important fact that would need to be established is Mr. Waters. If you had known these two premises of law at the time you took your plea, would you still have taken that plea? And if he said to that, yeah, I'd have still taken it. No, I don't want to withdraw this plea. Then OK. Yes, I agree. That would answer the question. Why didn't he assert that? Because his lawyer did not adequately adequately present these claims to the court. That was the obligation of post plea counsel under Rule 604D. Hunter Waters is not presumed to understand the nuances of the law in this way to understand the nuances of that in your brief. You don't assert that in your brief either. You know, you've had the opportunity to discuss all of this with the defendant and you'd have the opportunity to assert in your brief that the defendant had indicated that. But for knowing these two things, he would have, in fact, asked to withdraw his plea. You don't suggest that, do you? Well, I don't. Your Honor, I can't assert that in my opening brief, of course, because I'm bound by the record below. I did assert, however, in Part C of of the first section of the brief where I acknowledge that I acknowledge that the court may feel that there are certain facts that are missing from the underlying record. And I believe I wrote as a for example, this question of if you had known these premises at the time of your plea, would you still have taken that plea? And I suggested that as a as a question, open question that I recognize this court may feel is missing from the record to adequately adjudicate these claims. But I have a question. I have a question. In the first point, you claim that there was something that the defendant didn't know, namely that he could not appeal a guilty plea. In this case, when the trial court accepted the defendant's guilty plea, the court then gave him the Rule 605C admonitions that are not. And those admonitions included the following. That the defendant has a right to appeal the prior to taking an appeal, the defendant must file the trial court within 30 days, etc. A written motion as to have the judgment vacated and for leave to withdraw the plea of guilty. Why wasn't that good enough to tell the defendant at the very time he pled guilty that by the way, you can't appeal? Well, the first state what he said to him was Hunter Waters, you have the right to appeal. So, in other words, the Supreme Court's rule on this point is unclear and it doesn't convey what the Supreme Court meant to say. Now, you and I might think, gee, we could do a better job of this. But I suppose a decision of this court that the Supreme Court's rule is not clear would have to be rather carefully written to explain just how that works. I agree. I do personally think that there could be some greater clarity on this nuance between the fully negotiated and the open guilty pleas as how it pertains to the right to appeal conviction or sentence. But I don't think that that means that that needs to be amended in any way because rule 605 admonishments are given after the plea has been entered. These are not the same as rule 402 admonishments. That's true. But at this point, if the defendant is thinking, gee, I want to appeal, he could have said, oh, wait a minute. I didn't know I can't appeal. I want to appeal this for whatever reason. But as we discussed earlier, those reasons weren't known to the defendant until post-plea. And post-plea reasons to withdraw a guilty plea because of a different understanding don't constitute a basis to do so, do they? I understand. But I think the problem is that there's another layer to what's supposed to happen at this point. Right. Rule 605 admonishments are given. We're in the post-plea posture. There's another layer to this, which is that Hunter Waters and every other defendant is represented by counsel and he's represented by counsel who owes him effective assistance. And so those, you know, understanding the nuances of what the court just advised him of under rule 605, which arguably could be confusing to an individual, to an individual 19-year-old lay person who is not versed in the law. But that's why he was represented by counsel, who is then going to sit down with him and strategize and talk him through what the next steps would be. If there was a, you know, the failings here were on post-plea counsel because post-plea counsel was given and told by his client to clear misapprehensions of law, but counsel did not help him understand how that operated and what they would need to do to bring those before the court. And he did not do anything to adequately present those himself to the court. That is what 604D is all about. Rule 604D is all about ensuring that post-plea counsel is the one to make sure that any potential defects in the proceedings, any contentions of error are raised and not just raised, but meaning mentioned, but raised and adequately presented, including with additional affidavit evidence, if necessary, to the court. And that was not done. Here's the other question. Let's assume defense counsel writes the motion that you think should have been written. And he says, my client has now realized that he could make various representations and evidence in a sentencing hearing that he couldn't do on a guilty plea that he can't appeal it. He wants to, based upon this now, withdraw his guilty plea and proceed otherwise. So you have the trial judge hearing this. Why would that be a basis to grant the motion? They learned something after the fact, and so what? Yeah, Your Honor, I think it's analogous to if there was an individual who, after a guilty plea, said, asserted that I learned after I took my plea that there was an entire potential defense that was viable and had merit for me that I could have raised, but my attorney never told me about. That could be a grounds to withdraw a guilty plea. I think that it's analogous to that, not saying here there's a defense I didn't realize that I had, but the analogous situation in the sentencing context is there's an entire area of mitigation that I didn't know I had. If I had known I had that, I would have gone a different route. For example, I would have taken an open guilty plea where I could have still taken responsibility and accountability for the offense, and yet presented mitigation evidence to a court and allowed a court to determine the appropriate sentence. Thank you, counsel. Your time is up. You'll have an opportunity to address this again in rebuttal. Mr. Manchin, on behalf of the state, can we make your argument at this time, sir? May it please the court, counsel. In this case, the defendant did not raise two misapprehensions of law. The claim that he did not know about the ability to present evidence at a sentencing hearing is raised for the first time in the defendant's brief. It is nowhere in the defendant's motion to withdraw his plea. The only thing he says in his motion to plea is that he wanted to appeal his sentence and he had read case law that said he could challenge his sentence after the plea. There's not two misapprehensions. Beyond that, it is clear from what the defendant's testimony and from his motion that this notion he could appeal his sentence was derived after the plea. The motion also states that counsel spoke to the defendant and the defendant maintained that belief despite what they were telling him. The motion and the attorney's certificate states that he discussed the defendant's belief as the ability to sentence and that the defendant continued in that belief despite what they told him. So we've got counsel here who was not alleged to be ineffective in the defendant's brief but merely to have had a conflict of interest because he did not raise a viable grounds to withdraw the plea. Counsel here did exactly what the defendant wanted him to do. The defendant did not want to withdraw his plea. He said that in writing, he said that in the court, and he told his attorney that. What is the attorney supposed to do when the defendant says, I don't want to withdraw my plea, but I want to appeal to try to get my sentence reduced? When the defendant is ignoring the attorney's statements to him, you cannot challenge your sentence that you've agreed to. There is no conflict of interest here because there's no claim anywhere that counsel was ineffective or that before the defendant entered the plea, he was required to admonish the defendant about his right to appeal from the plea. I've never heard of this suggestion that you have to tell the defendant before he ever contemplates the plea. OK, if you take a plea, this is what's going to happen afterwards as far as a plea that you could only challenge. If you get a if it's a fully negotiated, you have to withdraw your plea and you can't challenge your sentence. If it's just a just a partial plea with only with no agreed sentence, you can challenge both the sentence and appeal and the plea on appeal. But there is no requirement that the defendant be told that beforehand. And there's also no allegation here that the defendant ever discussed this or asked about this. And in fact, at the plea hearing, the defendant was asked, did counsel discuss the plea with you? Yes. Did he did counsel answer all the questions that you had about the plea? Yes. So counsel's suggestion on appeal that plea counsel did not adequately admonish the defendant or advise the defendant as to what was going to happen is refuted by the defense on statements at the guilty plea. Getting beyond that, according to the Supreme Court, a misreprehension of law or facts can be used to withdraw a plea only if they're subject substantial objective proof showing that the mistaken apprehensions were reasonably justified and that the defendant's subjective impressions are not enough. What we here have here is the defendant's subjective impressions gained after the plea that he believed he could challenge his sentence. And I say that the belief that you can challenge your sentence that you agreed to is not objectively reasonable. Anybody knows that when you enter into any kind of deal, you cannot run egg on that deal and expect the other person to still live up to their part of the bargain. So that even accepting is true, the defendant's claims of a misapprehension, they simply, as a matter of law, do not or do not establish a grounds for withdrawing the plea. And there is nothing counsel could have added that would have made this misapprehension of viable grounds to withdraw the plea when it is clear by the defendant's own statements that he developed this misapprehension after the plea. That is simply not a basis to withdraw the plea. And when you have a defendant... Mr. Genshin, on that point, I know you've given some thought to all this, but this is an interesting case in that regard that the basis for the claim to essentially be forced on appeal is a post plea event of his gaining knowledge about this claim that Kennedy made. Are you familiar with any, have you ever come across any cases similarly regarding post plea events? The only ones I'm aware of is the ones that Ms. Phipps mentioned where the defendant learns that there was a sex offense where the defendant claimed he learned after the plea that lack of knowledge of the victim's age was a defense. This is not that type of situation. That is the only post plea event that I've found that would justify that it even looked at as grounds for withdrawing a plea. And in that particular case, the case that I'm aware of, the defendant had been told by counsel beforehand that it was not a defense, if I recall correctly. So this is not a situation where the defendant is saying he was misled by his attorney or he was misled by the court. It was his own personal observations or opinion that he was able to challenge a sentence based upon what he had read. And I think that is an entirely different situation that basically the defendant is saying I, the deal I made didn't make a better, I should have made a better deal. And I should have, and that's not a basis for withdrawing a plea. You have an attorney here. About the only alternative the counsel would have had here than presenting the motion that he did was to file a motion with the trial court to withdraw his counsel and present this saying that the defendant does not have any grounds for filing a motion to withdraw his plea and does not even want to withdraw a plea. Therefore, I request leave to withdraw. Maybe somebody else can, but that was, that's about the only other option counsel had. The plea admonitions were perfect. The defendant admits they were perfect. He admits he knew what he was doing at the time. He admits there are no grounds to withdraw his plea. What else can the attorney do except present the claims the defendant had this misunderstanding that he could challenge his appeal, sentence on appeal, deny that and we'll take the appeal and let him learn that what we told him about his misapprehension was right. Thank you. Any further counsel? Unless this court has any further questions, I will stand on my brief, but I don't, I believe that the trial court did not abuse his discretion in denying this motion. And I also suggest that counsel did not have any kind of conflict of interest that has been demonstrated and that counsel's reference to the ineffectiveness of counsel, which was not raised in the brief should not be considered by this court. Thank you, counsel. Ms. Phipps, on behalf of the defendant, you may make a rebuttal argument at this time, but you're muted, so be sure to turn it off. Thank you. So I'm going to start at the end with one of the last things that was just mentioned, which was what else could this attorney have done besides what he did. And I will say that one thing this attorney could have done is not what he did here, which was expressly write a motion to withdraw the guilty plea that went on at length, extrapolating on all the reasons why that motion should be denied. If counsel felt that the issues raised by Hunter Williams were not that strong, that's one thing, but to go on and add multiple paragraphs to this motion that expressly explained why there were no grounds and why everything that was done in the plea admonishments were pristine, that was not what counsel should have done, and that was certainly not a post-plea counsel living up to his obligations under Rule 604D. So not only did he fail to adequately… Maybe the reason it's that way is because what we have here is not a conflict of interest, but a conflict of knowledge. The lawyer is stuck with a defendant who is maintaining to him, yes, I can do these things because I've read them, and the lawyer is explaining to him, no, you can't, but you want me to do a motion to withdraw the plea. Okay, we'll do that, but you really want to risk withdrawing the plea. No, I just want to get my sentence modified. I mean, he's made that painfully clear. So what you characterize as a self-serving motivation on the part of the attorney, I would suggest to you the alternate explanation is far more reasonable, is that he's stuck between a rock and a hard place with a defendant who refuses to believe that the law is what the law is and is directing him as his lawyer that you need to do something about this. So he's doing the only thing he can. He's writing a motion to withdraw the plea, which he knows is the only technical method by which he can even get the issue of sentencing back before the court. But he's also making it clear that the defendant really didn't want to withdraw his plea. The defendant himself made that clear. And when he's questioned by counsel at the hearing on the motion, he makes that equally clear. So it's not a conflict of interest. It's a conflict of knowledge. The lawyer just cannot get this guy to realize that the law is not what he perceives it to be. And yet he's doing the best he can to just fulfill his obligation as a lawyer, go through the motions of filing the motion, knowing that there's nothing he can do about it because the defendant truly does not want to withdraw his plea. I would suggest to you the evidence that you use to assert that there's a conflict is, in fact, the best evidence we have that the defendant's true desire driving this whole engine is I do not want this plea withdrawn. I just want to get my issue before the court about my sentence, which he can't do because it's a violation of his contract. He entered into a contract. He got the benefit of his bargain. Now he doesn't like it. Your Honor, I don't think that Hunter's statement is. I think that we're all drawing and I think presuming a lot about the context and the tone in which all this was said because there was so little facts on the record. I think that it is just as equally plausible to read this as Hunter saying, I don't want to withdraw my plea. I want to withdraw my sentence and and not understanding that there is a way to do that. The answer is we move to withdraw the plea and then we proceed from there with, you know, you could take an open plea. We could proceed the trial. Your Honor, I don't think that this is a case of of Hunter and his attorney simply being at odds about what how to proceed here. So the exposure. I'm sorry. What was his full sentencing exposure? The minimum would be 20. The maximum extended term would be 100. And I would maintain that the sentence that he entered into gave him no practical benefit over beyond the maximum. So that's why I started this by saying this young man entered into this plea. There was no actual benefit of the bargain received. He would have been in the same position had he gone to trial on the max or taken an open plea and gotten the max. So there was no discernible benefit of the bargain here for this 19-year-old young man. Your time is up. I'm going to give you another minute to respond to Justice Thierman's questions, if you wish. I'm sure. Your Honor, I would just ask, are there any further questions that you would like me to respond to, Justice Thierman? No, ma'am. Thank you. Thank you. Okay. Well, thank you, counsel. The court will take this matter under advisement as your decision in due course. And at this time, we will stand in recess.